## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

WILLIAM ARNOLD

                                                    **PRISONER**
     **v.**                               **CASE NO. 3:11-cv-1342(VLB)**

JOHN DOE, ET AL.                          July 20, 2012


## RULING AND ORDER

This is an initial review order pertaining to an action filed by an inmate currently incarcerated at the MacDougall Correctional Institution in Suffield, Connecticut ("MacDougall") for injunctive, monetary and other miscellaneous relief against Connecticut Department of Corrections officials.  On May 1, 2012, the plaintiff filed an Amended Complaint [Doc. No. 9] *pro se* pursuant to 42 U.S.C. § 1983.  He names as defendants: Correctional Officers Doe, Santiago, Stan, Caputo, Jones, Scott, Bracket, Savada, Pertilla, Anderson, Maloid, Guica, Cay, Gazalez and Curtis, Nurses Caroline, Joy and Oliver and Unit Manager Manley.

As a preliminary matter, the court considers the plaintiff's motion for injunctive relief. The plaintiff asserts that Correctional Officer Guica issued him a disciplinary report for threats on November 15, 2011.  The plaintiff claims that he received a sanction of five days confinement in administrative segregation at MacDougall.  The plaintiff contends that he should have been released from administrative segregation on November 22, 2011.   The plaintiff's motion for injunctive relief is dated November 28, 2011.

The plaintiff also complains that correctional officers at MacDougall have

refused to give him legal documents and a proper writing implement to enable him to amend his complaint and file exhibits to the amended complaint.  In addition, correctional officers have failed to provide him with necessary medication and supplies in connection with his medical condition requiring the use of a colostomy bag and Department of Correction medical personnel continue to refuse to perform and/or authorize colostomy reversal surgery.   The plaintiff states that he suffers from diabetes and is supposed to exercise on a regular basis.  He has been unable to exercise during his confinement in administrative segregation.

It is evident from the Amended Complaint that correctional officers released the plaintiff from administrative segregation at the end of November 2011.  (*See* Amended Compl., Part 4 at 3.)  In addition, the plaintiff noted at the end of his Amended Complaint that on January 11, 2012, he underwent a surgical procedure to reverse his colostomy.   (*See id.* at 38.)

In light of this information and the fact that the plaintiff filed a twenty-nine page Amended Complaint accompanied by 142 pages of exhibits, the court concludes the injunctive relief sought by the plaintiff is no longer necessary.  *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").  Accordingly, the motion seeking injunctive relief is denied as moot.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief

may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or  'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff claims that in November 2009, he suffered a gunshot wound to his abdomen.  During the treatment of his injuries, the plaintiff underwent a colostomy procedure at Hartford Hospital.[1]  In January 2010, officials at Hartford Hospital transferred the plaintiff to MacDougall Correctional Institution.  At that

---

[1] "A colostomy is a surgical connection of the large intestine to the body surface at the abdominal wall to allow for passage of waste into a bag."  Baker v. Blanchette, 186 F. Supp. 2d 100, 101 (D. Conn. 2001).

time, the plaintiff was a pretrial detainee.   On March 29, 2011, a judge sentenced the plaintiff in state court.

The plaintiff claims that in March 2010, Hartford Hospital surgeons recommended that he undergo colostomy reversal surgery.  The plaintiff alleges that the defendants failed to arrange for this surgery.  The colostomy has caused him pain, bleeding, chronic pancreatitis and unstable blood sugar levels.  The defendants also failed or refused to provide him with the necessary medical supplies to keep the colostomy bag working properly which caused other medical conditions.   In addition, the defendants refused to permit him to empty the colostomy bag when necessary causing the bag to leak.

The plaintiff asserts that he is a diabetic the proper administration of medication and treatment for which was either delayed or denied.  The plaintiff suffered emotional as well as physical injuries as a result of the denial of medical treatment by the defendants.  The plaintiff also asserts that some of the actions by the defendants were taken in retaliation for his filing lawsuits.

The request for monetary damages against the defendants in their official capacities is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  Accordingly, that request is dismissed as to all defendants in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2).

Listed in the caption of the Amended Complaint are individuals identified as Correctional Officer Caputo and Correctional Officer Jones as well as an individual identified only as Correctional Officer Stan.  The plaintiff does not include any allegations against these defendants in the body of the Amended Complaint. Because the plaintiff has not asserted that Correctional Officers Stan, Jones or Caputo have violated his constitutionally or federally protected rights, the allegations against these defendants are dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

Pursuant to its review under 28 U.S.C. § 1915A, the court concludes that the case should proceed at this time as to the claims of deliberate indifference to medical needs and safety as well as retaliation against defendants Correctional Officers Santiago, Scott, Bracket, Savada, Pertilla, Anderson, Maloid, Guica, Cay, Gazalez and Curtis, Nurses Caroline, Joy and Oliver and Unit Manager Manley in their individual capacities and in their official capacities to the extent that plaintiff seeks declaratory relief.

## ORDERS

The court enters the following orders:

(1)     The Motion for Injunctive Relief [Doc. No. 6] is DENIED as moot.  All claims

in the Amended Complaint against the defendants in their official capacities for money damages are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2) and all claims against defendants  Correctional Officers Stan, Jones and Caputo in their individual

capacities are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).  The Eighth and Fourteenth Amendment claims of deliberate indifference to safety and deliberate indifference to medical needs and First Amendment retaliation claims as well as any state law claims shall proceed against the defendants Correctional Officers Santiago, Scott, Bracket, Savada, Pertilla, Anderson, Maloid, Guica, Cay, Gazalez and Curtis, Nurses Caroline, Joy and Oliver and Unit Manager Manley in their individual capacities and in their official capacities to the extent that plaintiff seeks declaratory relief.

     (2)    Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office

shall ascertain from the Department of Correction Office of Legal Affairs the current work address for all of the following defendants:  Correctional Officers Santiago, Scott, Bracket, Savada, Pertilla, Anderson, Maloid, Guica, Cay, Gazalez and Curtis, Nurses Caroline, Joy and Oliver and Unit Manager Manley and mail a waiver of service of process request packet, including the Amended Complaint [Doc. No. 9], to each of these defendants in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of the waiver request.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and that defendant  shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

     (3)    Within fourteen (14) days of this Order, the U.S. Marshals Service shall

serve the summons, a copy of the Amended Complaint [Doc. No. 9] and this Ruling and Order on defendants Santiago, Scott, Bracket, Savada, Pertilla, Anderson, Maloid, Guica, Cay, Gazalez, Curtis, Caroline, Joy, Oliver and Manley in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(4)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Amended Complaint [Doc. No. 9] and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     Defendants shall file his or her response to the Amended Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9)      Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10)     The plaintiff is hereby notified that the U.S. Marshal cannot serve the Amended Complaint on either John Doe Correctional Officers or Jane Doe Correctional Officer until he identifies these defendants by name.  The plaintiff will have 90 days from the date of this order to conduct discovery and file a notice identifying these defendants by name.  If the plaintiff fails to file a notice within the time specified, the claims against the Jane and John Doe defendants will be dismissed without further notice from the court pursuant to Rule 4(m), Fed. R. Civ. P. and the case will proceed only as to the claims against the remaining defendants.

SO ORDERED at Hartford, Connecticut this 20th day of July, 2012.

_____/s/_____
Vanessa L. Bryant
United States District Judge

8