UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM ARNOLD : | |
| : | |
| : | Case No. 3:11-cv-1342 (VLB) |
| v. : | |
| : | February 25, 2013 |
| JOHN DOE, ET AL. : | |

**RULING ON MOTIONS FOR INJUNCTIVE RELIEF, RECONSIDERATION
AND TO AMEND/CORRECT COMPLAINT**

Pending before the court are three motions for injunctive relief, a motion to correct the court's Initial Review Order and a motion for reconsideration filed by the plaintiff. For the reasons set forth below, the motions for injunctive relief and for reconsideration are DENIED and the motion to correct is GRANTED.

I.  **Motion to Correct [Doc. No. 19]**

The plaintiff claims that he intended to include Nursing Supervisor Rebecca, Health Services Administrator Rikel Lightner and Correctional Officer Deam in the Amended Complaint and that he had listed these three individuals as defendants on the back side of the first page of the Amended Complaint. The plaintiff has submitted a copy of the front of page one of an Amended Complaint as well as the back of page one which lists Nursing Supervisor Rebecca, Health Services Administrator Rikel Lightner and Correctional Officer Deam as defendants.

The Amended Complaint, [Doc. No. 9], that is on file with the court and that was scanned in by a docket clerk does not include the page listing these three individuals as defendants. At this point, there is no way to verify whether there

1

were individuals listed on the back side of page one of the Amended Complaint. It is possible, however, that these Nursing Supervisor Rebecca, Health Services Administrator Lightner and Correctional Officer Deam were listed on the back side of the first page of the Amended Complaint, but the docket clerk did not notice the names and did not scan the page. The court notes that these individuals are mentioned in the body of the Amended Complaint.

In light of the information above, it is apparent that the plaintiff intended to name Nursing Supervisor Rebecca, Health Services Administrator Rikel Lightner and Correctional Officer Deam as defendants in the Amended Complaint. Thus, the court will construe the plaintiff's motion as a motion for leave to file a second amended complaint to add these three individuals as defendants pursuant to Federal Rule of Civil Procedure 15. The motion is GRANTED.

II.     Motions for Injunctive Relief [Docs. Nos. 27, 28, 37]

In the first motion for injunctive relief [Doc. 27], the plaintiff states that he refused to permit Nurse Caroline to inject him with Insulin on September 27, 2012 because of the incident that occurred on September 22, 2012. Correctional officials sent him to administrative detention for making threats. The plaintiff seeks to be transferred to another prison facility.

In the second motion for injunctive relief [Doc. 28], the plaintiff claims that on September 22, 2012, Nurse Caroline tried to give him a shot of insulin but the needle went through the muscle of his arm and into the bone causing him extreme pain. He seeks a court order that prohibits defendant Nurse Caroline from administering his

insulin injections, writing notes in his medical record or otherwise treating or speaking to him.

In the third motion for injunctive relief dated October 24, 2012 [Doc. 37], and signed on November 2, 2012, the plaintiff states that correctional officials have refused to permit him to file assault charges against Nurse Caroline with the Connecticut State Police.  He claims prison officials found him guilty of making threats and he lost fifteen days of good time, thirty days of recreation and thirty days of use of the commissary.  He is now housed in a restrictive housing unit.  He seeks an order that Nurse Caroline not have any contact with him and that he be transferred to another prison facility.

On November 21, 2012, the defendants filed a response to the plaintiff's motions for injunctive relief.  [Doc. 33].  The defendants have provided evidence that the plaintiff's medical records reflect that since September 22, 2012, Nurse Caroline has administered three shots of Insulin to the plaintiff without incident.  Lightner Aff., Attachments A&B, Doc. 33.  In addition, the plaintiff met with Nursing Supervisor Erin Dolan and Health Services Administrator Rikel Lightner on or about November 20, 2012 regarding the incident that occurred on September 22, 2012.  See id. at Attachment B.  During that meeting, the plaintiff agreed that Nurse Caroline may continue to administer insulin injections.  Id..  Furthermore, the plaintiff concedes in his third motion for injunctive relief that Nurse Caroline has administered shots of Insulin on five different occasions since September 22, 2012, without incident.   See Mot. Order at 3, [Doc. No. 37].

The plaintiff has not demonstrated that he is in danger of imminent harm if

the court were not to transfer him to a different prison facility or to order Nurse Caroline not to treat or speak to him.  In view of the fact that Nurse Caroline has treated the plaintiff on at least five occasions since mid-September 2012 and has administered the Insulin injections in a proper manner according to the plaintiff, the court concludes the injunctive relief sought by the plaintiff is no longer necessary.  *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").  Accordingly, the motions seeking injunctive relief are DENIED as moot.

### III.     Motion for Reconsideration [Doc. No. 36]

The plaintiff asks the court to reconsider sealing officers' records.  He refers to a response to a motion for summary judgment.  The court has not issued an order regarding sealing records and no motion for summary judgment has been filed in this case.  Accordingly, the motion for reconsideration is DENIED.

### IV.     Jane and John Doe Defendants

The plaintiff named two John Doe Correctional Officers and one Jane Doe Correctional Officer as defendants in the Amended Complaint.  On July 20, 2012, the court notified the plaintiff that the United States Marshal could not serve the Amended Complaint on the Doe officers until the plaintiff identified them by name.  The court permitted the plaintiff ninety days to conduct discovery to

identify the Doe officers. The court informed the plaintiff that if he failed to notify the court of the names of the Doe officers within ninety days, the claims against the Doe officers would be dismissed pursuant to Rule 4(m), Fed. R. Civ. P. The ninety day time period has elapsed and the plaintiff has not identified the names of the Doe officers. Accordingly, the claims against both John Doe Correctional Officers and Jane Doe Correctional Officer are DISMISSED pursuant to Rule 4(m), Fed. R. Civ. P.

## Conclusion

The claims against both John Doe Correctional Officers and the Jane Doe Correctional Officer are DISMISSED pursuant to Rule 4(m), Fed. R. Civ. P. The Motions for Injunctive Relief [Docs. Nos. 27, 28, 37] are DENIED as moot. The Motion for Reconsideration [Doc. No. 36] regarding sealing records is DENIED. The Motion to Correct [Doc. No. 19], which the court has construed as a motion for leave to file a second amended complaint to add Nursing Supervisor Rebecca, Health Services Administrator Rikel Lightner and Correctional Officer Deam as defendants is GRANTED.

The plaintiff is directed to file a Second Amended Complaint that lists all defendants, including defendants Rebecca, Lightner and Deam, in the caption on the first page. Thus, the caption should include the following defendants: Correctional Officers Santiago, Scott, Bracket, Savada, Pertilla, Anderson, Maloid, Guica, Cay, Gazalez, Curtis and Deam, Nurses Caroline, Joy and Oliver, Nursing Supervisor Rebecca, Unit Manager Manley and Health Services Administrator

**Rikel Lightner.  The body of the Second Amended Complaint should include the allegations against all defendants listed in the caption.   The Second Amended Complaint must be filed within (30) thirty days of the date of this order.  If the plaintiff fails to file the Second Amended Complaint, the case will proceed only as to defendants Correctional Officers Santiago, Scott, Bracket, Savada, Pertilla, Anderson, Maloid, Guica, Cay, Gazalez and Curtis, Nurses Caroline, Joy and Oliver and Unit Manager Manley.**

                                        **IT IS SO ORDERED.**

                                        _____/s/_____
                                        **Vanessa L. Bryant
                                        United States District Judge**

**Dated at Hartford, Connecticut: February 25, 2013.**