UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM ARNOLD

     v.                                       CASE NO. 3:11-cv-1342(VLB)

JOHN DOE, ET AL.

## RULING ON PENDING MOTIONS

Pending before the Court are the defendants' motions for more definite statement and to modify scheduling order and the plaintiff's motions for injunctive relief, to correct ruling and for appointment of counsel.  For the reasons set forth below, the motions for more definite statement, to modify scheduling order and for appointment of counsel are denied and the motion to correct is denied in part and granted in part.

## I.    Motion for Injunctive Relief [Doc. No. 39]

The plaintiff is currently incarcerated at Osborn Correctional Institution ("Osborn") and has filed a motion entitled "Motion of Restraining Order & Motion of Injunction" seeking a restraining order against all defendants and non-defendants and to be transferred to another prison facility.  He refers to an incident that occurred on September 22, 2012 at MacDougall Correctional Institution ("MacDougall"), when Nurse Caroline tried to give him a shot of insulin but the needle went through the muscle of his arm and into the bone causing him

1

extreme pain.   On February 25, 2013, the Court addressed this incident and the plaintiff's request for relief pertaining to this incident.  (*See* Rul. Mots. Injunctive Relief, Doc. No. 43.)

The plaintiff claims that two of his legal books disappeared while he was confined in the segregation unit in connection with the disciplinary report he received for allegedly threatening Nurse Caroline.   He states that the books cost him $50.00.   He contends that the individuals who confiscated his books were attempting to interfere with his filing of civil actions and criminal charges against unknown individuals.

The plaintiff alleges that at some point after the September 22, 2012 incident, his gum became swollen, infected and very painful.  He states that infections can become life-threatening for diabetics.   He alleges that several nurses did offer methods of treating the swollen gum until he could be seen by staff in the MacDougall dental department.  The nurses suggested that the plaintiff brush with very warm salt water and prescribed him Motrin for the pain.

The plaintiff claims that on December 11, 2012, Correctional Officer Maloid started to verbally harass him and told him to pour out the cup of hot water that he was using to gargle with to alleviate the pain in his infected gum.   Officer Maloid also conducted a random search of the plaintiff's cell.   The plaintiff received a disciplinary ticket in connection with this incident.

2

Personnel in the dental department at MacDougall evaluated and treated the plaintiff on December 19, 2012.   A dentist prescribed an anti-biotic for the infected gum.   The plaintiff seeks a "blanket restraining order over all defendants" and "any correctional officer taking up the cause" for any of the defendants.   *(See* Mot. Restrain. Or., Doc. No. 39 at 1.)   The plaintiff also seeks to be transferred to Whiting Forensic Institute or to another prison facility within Connecticut.

To the extent that the plaintiff seeks injunctive relief from individuals who are not defendants, the Court cannot enjoin their actions.   The Court must have *in personam* jurisdiction over a person before it can validly enter an injunction against him or her.   *See In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.") (citation omitted); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired *in personam* jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction ... is binding only upon the parties to the action ...").

With regard to Officer Maloid, who is a defendant in this action, it is well-settled that verbal harassment and threats alone do not constitute a cognizable

violation of an individual's federally or constitutionally protected rights.  *See*

*Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) ("allegations of verbal

harassment are insufficient to base a § 1983 claim if no specific injury is

alleged"); *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (plaintiff's

claim that correctional officer exhibited hostile and abusive conduct towards him,

including threats and profanity was not actionable under § 1983) (collecting

cases)*; Beckles v. Bennett*, No. 05 Civ. 2000(JSR), 2008 WL 821827, at *23

(S.D.N.Y. March 26, 2008) (alleged "threatening remarks that Plaintiff was 'getting

no rec, only [defendant's] foot up [plaintiff's] behind'" was insufficient to state §

1983 claim).

Furthermore, any claim that the actions of Officer Maloid were retaliatory is

conclusory.  Prison officials may not retaliate against inmates for exercising their

constitutional rights.  To state a retaliation claim, the plaintiff must show that his

conduct was protected by the Constitution or federal law and that this protected

conduct was a "substantial or motivating factor" in the alleged retaliatory action

by prison officials.  *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003).  Because

claims of retaliation are easily fabricated, courts consider such claims with

skepticism and require that they be supported by specific facts; conclusory

statements are not sufficient.  *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir.

2003).

The plaintiff offers no facts to suggest that the actions of defendant Maloid in ordering him to pour out the hot water that he was using for his infected tooth or subsequently searching his cell were taken in retaliation for his filing this lawsuit.  The plaintiff simply concludes that the conduct must have been undertaken for retaliatory reasons.  Thus, the plaintiff has failed to allege a causal connection between the allegedly adverse conduct of defendant Maloid and his filing of this lawsuit.  The conclusory allegations of retaliation fail to state a claim upon which relief may be granted.

The plaintiff's claims that in December 2012, defendant Maloid verbally harassed him and retaliated against him do not demonstrate that the plaintiff is in danger of imminent harm.   Thus, injunctive relief is not warranted.

Furthermore, the claims in the underlying Amended Complaint do not involve dental issues, allegations of deprivation of property or denial of access to the courts.  This action pertains to the plaintiff's required use of a colostomy bag and treatment for his diabetes during the period from March 2010 through December 2011.  The Court notes that the plaintiff recently filed a new lawsuit against dental personnel at MacDougall.  *See Arnold v. Dental Medical Personnel, et al.*, Case No. 3:13cv442 (VLB).   Because the plaintiff's allegations and requests for relief are unrelated to the claims in the Complaint, the request for injunctive relief as to those claims is inappropriate.  *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to

5

grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.")

With regard to the plaintiff's claim of confiscation or loss of his legal books, he has not demonstrated that he has suffered an irreparable injury because his loss can remedied by monetary damages.  *See Wisdom Import Sales Co., LLC v. Labatt Brewing Co., Ltd., 339 F.3fd 101, 113-14* (2d Cir. 2003) (irreparable harm is defined "as certain and imminent harm for which a monetary award does not adequately compensate.  Thus, only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.") (internal quotation marks and citations omitted).  The Supreme Court has found that the Due Process Clause of the Fourteenth Amendment is not violated when a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers if the state provides an adequate post-deprivation compensatory remedy.  *See Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527, 543 (1981).  The State of Connecticut provides an adequate remedy for the kind of deprivation the plaintiff alleges.  *See* State of Connecticut Department of Correction Administrative Directive 9.6(16); Conn. Gen. Stat. § 4-141 *et seq*.  The plaintiff can pursue his claim for the loss of his legal books with the State of Connecticut Office of the Claims Commissioner.

6

In addition, the plaintiff has not alleged that the loss of his legal books has prejudiced him in any way with regard to accessing the courts.  Since filing the motion for injunctive relief, the plaintiff has submitted a sixty-seven page reply, including case law, in this action, multiple motions and an over-550 page memorandum in opposition to a motion for summary judgment in another federal case and a twenty-one page complaint accompanied by over 270 pages of exhibits in a new federal action.   *See Reply Defs.' Obj. Mot. Inj., Doc. No. 42*1*; Arnold v. Buck, et al.*, Case No. 11cv1343 (VLB) and Arnold v. Dental Medical Personnel, et al., Case No. 3:13cv442 (VLB).

For all of the above reasons, the motion for restraining order and injunctive relief is DENIED.

II.     <u>Motion of Correction to Court Ruling [Doc. No. 45]</u>

On February 25, 2013, the Court denied three motions for injunctive relief and a motion for reconsideration, granted a motion to correct with regard to defendants in the Amended Complaint and dismissed the claims against the John and Jane Doe defendants.   (*See* Rul. Motions for Injunctive Relief, Reconsideration and to Amend/Correct Complaint, Doc. No. 43.)  The Court also directed the plaintiff to file a second amended complaint that listed all defendants in the caption on the first page.  The second amended complaint was to be filed by March 26, 2013.  The plaintiff has not filed a second amended complaint.

---

[1]  The Court has considered the defendants' response to the motion to injunctive

Instead, the plaintiff has filed a renewed motion to correct which is 366 pages in length.  The first five pages of the motion are identical to the motion to correct that the Court addressed in its February 25, 2013 Ruling.  (*See* Doc. No. 19; Doc. No. 43.)   To the extent that the plaintiff is re-filing the motion to correct, it is denied as moot.

The Court notes that the bottom of page eight of the renewed motion to correct includes a notation "Objection to Rulings - Rulings Corrections" and that the top of page nine of the motion includes a notation "Objection to Rulings" and a reference to the court's February 25, 2013 Ruling.   The Court liberally construes pages eight through thirteen of the renewed motion to correct as a motion for reconsideration of the February 25, 2013 Ruling on Motions for Injunctive Relief, Reconsideration and to Amend/Correct Complaint, [Doc. No. 43].

As a preliminary matter, a motion for reconsideration must be filed within fourteen days of the filing of the order the party seeks to challenge.  *See* Rule 7(c), D. Conn. L. Civ. R. ("Motions for Reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which relief is sought . . .").  As indicated above, the section of the motion seeking reconsideration of the Court's February 25, 2013 Order begins on page eight. Although page eight is dated February 28, 2013, the certification on page thirteen of the motion indicates that it was not mailed to counsel for the defendants or the Court until March 29, 2013.  The motion was originally received for filing by the

_____

relief as well as the plaintiff's reply to the defendants' response in ruling on the motion.

Court on April 1, 2013, but was returned to the plaintiff because he had not signed the motion.  (*See* Order Returning Submission, Doc. No. 44.)   The plaintiff re-filed the motion on April 22, 2013.  Because the motion was filed more than fourteen days after the filing of the February 25, 2013 Ruling, it is untimely.

Because the plaintiff proceeds *pro se* in this action, the Court will consider the objections in the motion for reconsideration.   A court should not grant a motion for reconsideration if "the moving party seeks solely to re-litigate an issue already decided."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, the standard governing motions for reconsideration is strict and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters ... that might reasonably be expected to alter the conclusion reached by the court." *Id.*

The plaintiff first objects to the Court's denial of two of his motions for injunctive relief, [Docs. Nos. 27, 37], relating to conduct by defendant Caroline in administering shots of insulin to him.  He states that he asserted sufficient allegations to demonstrate that he was in danger of imminent harm from Nurse Caroline and asks the Court to hold a hearing on the motions.   The plaintiff has failed to point to any errors of fact that the Court overlooked in denying the motions for injunctive relief.  *See Shrader*, 70 F.3d at 257.   Instead, he includes allegations regarding an incident involving Nurse Caroline that occurred on February 28, 2013 at MacDougall as evidence that he is in danger of imminent harm if an order directing Nurse Caroline to refrain from treating him is not

9

issued by the Court.  This new claim does not demonstrate that the Court improperly denied the prior motions seeking injunctive relief against Nurse Caroline.  Accordingly, the ruling addressing the prior motions for injunctive relief is affirmed.

The plaintiff also objects to the Court's ruling on the third Motion for Injunction, [Doc. No. 28] and the Motion for Reconsideration, [Doc. No. 36] because he claims that he did not file either motion in this action.  He contends that he filed both motions in another civil action, Arnold v. Buck, et al., Case No. 3:11cv1343(VLB) and that neither motion is included on the docket of this action. A review of the Motion for Injunction, [Doc. No. 28] reflects that it is captioned *William Arnold v. John Doe, et al.*, No. 3:11cv1342.  The Motion for Reconsideration [Doc. No. 36] also includes Case No. 3:11cv1342.  Thus, the Clerk properly docketed both motions in this action.  The objections to the Court's ruling on both of these motions are without merit.

The plaintiff's final objection is directed to the Court's dismissal of the claims against the John and Jane Doe defendants.  The plaintiff refers the Court to his Motion to Correct, [Doc. No. 19], and states that he did in fact identify the John Doe defendant in the Amended Complaint as Correctional Officer Ajodhi.

The caption of the Amended Complaint [Doc. No. 9] included three Doe defendants, two John Doe Correctional Officers and one Jane Doe Correctional Officer.  In the Ruling and Order addressing the claims in the Amended Complaint [Doc. No. 15], the Court informed the plaintiff that service of the Amended

10

Complaint could not be effected against the Doe defendants until he identified them by name and directed the plaintiff to file a notice indicating the names of the John and Jane Doe defendants within ninety days.

Instead of filing a notice, the plaintiff filed a motion to correct notifying the court of claims against three named defendants[2] that had not been addressed in the Ruling and Order.   In that motion, the plaintiff also stated that the name of the John Doe defendant was Correctional Officer Ajodhi.  The caption of the Amended Complaint included Correctional Officer John Doe and Correctional Officer John Doe(A).  The plaintiff did not indicate which John Doe defendant was named Correctional Officer Ajodhi.  Only John Doe(A) is mentioned in the body of the Amended Complaint at page six, paragraph six.  The plaintiff alleges that on July 25, 2011, John Doe(A) denied him medical treatment and supplies in connection with his colostomy bag which lead to the bag overflowing and spilling its contents onto his body and clothes.  The Court construes the plaintiff's motion as a request that he be granted leave to file an amended complaint to add Correctional Officer Ajodhi as the Correctional Officer referred to as John Doe(A) in the Amended Complaint.  Because the plaintiff attempted to notify the Court about the name of this John Doe defendant in a timely manner by including it in

---

[2]   Those defendants, were not in the caption of the Amended Complaint, but were mentioned in the body of the Amended Complaint and/or description of parties and/or exhibits attached to the Amended Complaint.  Because it was apparent that the plaintiff had intended to name H.S.A. Rickel Lightner, Nursing Supervisor Rebecca and Correctional Officer Dean, previously referred to as Deam, as defendants and the Clerk had inadvertently failed to scan in the page on which those defendants appeared when the Amended Complaint was filed, the court permitted the plaintiff to file a second amended complaint including those three individuals as defendants.

his motion to correct, [Doc. No. 19], the request for leave for leave to amend to add Correctional Officer Ajodhi as a defendant is GRANTED.

The motion also includes a statement by the plaintiff that the Jane Doe defendant listed in the caption of the Amended Complaint is Correctional Officer Stanim.  Jane Doe is referred to as Correctional Officer Jane Doe(B) in the body of the Amended Complaint at page six, paragraph six.  The plaintiff does not, however, explain why he did not inform the court at an earlier date as to the name of the Jane Doe defendant.

The Court will also construe the motion as a request for leave to file an amended complaint to add Correctional Officer Stanim as the Correctional Officer referred to as Jane Doe(B) in the Amended Complaint.  Because the claims against Correctional Officer Stanim as set forth in the Amended Complaint at page six are not barred by the statute of limitations and the defendants would not otherwise be prejudiced by the addition of this officer as a defendant, the request for leave to amend is GRANTED.

To the extent that the plaintiff seeks reconsideration of the dismissal of the Doe defendants, the motion is GRANTED, but the relief requested is DENIED AS MOOT.  The Court has permitted the plaintiff to add Correctional Officers Ajodhi and Stanim who were previously identified as Jane Doe(B) and John Doe(A) and the plaintiff has not otherwise identified the second John Doe defendant.

III.    <u>Second Amended Complaint</u>

12

The Court notes that the remaining 255 pages of the Motion to Correct addressed above appear to be the plaintiff's attempt to file a second amended complaint.  Although some of the documents could be considered as parts of an amended complaint, there is no first page that includes a caption with all of the named defendants and there are no pages that include concise and specific allegations against the named defendants.   Thus, none of the documents constitute a complete amended complaint and cannot be docketed as such.  In addition, the documents do not comply with Rule 8 of the Federal Rules of Civil Procedure.

Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  Id. 8(d)(1).   The purpose of Rule 8 is "to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]"  Ricciuti v. New York City Trans. Auth., 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted).  In addition, "the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds."  Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citation and quotation omitted).

Because the plaintiff proceeds pro se, the Court will permit him thirty days to file a complete Second Amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.  The Second Amended Complaint should list all

13

defendants in the caption on the first page.   Plaintiff has identified Correctional

Officers Santiago, Caputo, Jones, Scott, Bracket, Savada, Pertilla, Anderson,

Maloid, Guica, Cay, Gazalez, Curtis, Dean, Ajodhi and Stanim, Nurses Caroline,

Joy and Sandy Oliver, Nursing Supervisor Rebecca, H.S.A. Rikel Lightner and

Unit Manager Manley as the only defendants that he seeks to proceed against in

this action.   The body of the Second Amended Complaint shall include concise

claims against these defendants and indicate the dates on which the alleged

violations of the plaintiff's rights occurred.

The plaintiff may incorporate the allegations that are described on pages

six through nine of the First Amended Complaint [Doc. No. 9] into the Second

Amended Complaint.   On those pages, the plaintiff describes events that have

occurred beginning in May 2010, relating to his required use of the colostomy

bag, surgical reversal of the colostomy and treatment for his diabetes condition

and the involvement of defendants Santiago, Jones, Scott, Bracket, Savada,

Pertilla, Anderson, Maloid, Guica, Cay, Gazalez, Curtis, Dean, Ajodhi, Stanim,

Caroline and Joy in the alleged deliberate indifference to his medical needs,

safety and conditions of confinement.   The remainder of the First Amended

Complaint consists of exhibits and written notes that elaborate on or clarify the

allegations in pages six through nine and set forth allegations of deliberate

**indifference to plaintiff's medical needs against defendants Oliver, Caputo, Manley, Lightner and Rebecca.**[3]

**Thus, the body of the Second Amended Complaint should include the claims against defendants Santiago, Jones, Scott, Bracket, Savada, Pertilla, Anderson, Maloid, Guica, Cay, Gazalez, Curtis, Dean, Ajodhi, Stanim, Caroline and Joy that are listed in pages six to nine of the First Amended Complaint as well as specific claims against defendants Caputo, Manley, Oliver, Lightner and Rebecca that appear to be set forth in Exhibits G, I, V and Y to the First Amended Complaint.  The Clerk will send the plaintiff an Amended Complaint form that the plaintiff should use in filing a Second Amended Complaint.**

**IV.     Motions for More Definite Statement [Docs. Nos. 41, 46]**

**The defendants claim that they cannot discern the nature of the allegations against them from the 171 page First Amended Complaint.   Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, the defendants seek a Court order directing the plaintiff to revise and amend the Amended Complaint filed in this action.   Because the Court has directed the plaintiff to file a Second Amended Complaint that complies with Rule 8, Fed. R. Civ. P., the motions for more definite statement are DENIED AS MOOT.**

---

[3] **Exhibit G to the Amended Complaint includes references to defendants Caputo and Manley, Exhibit I to the Amended Complaint includes references to defendant Oliver**

V.      Motion to Modify Scheduling Order [Doc. No. 47]

The defendants seek to modify the deadlines for completion of discovery and filing dispositive motions which were included in the Court's July 20, 2012 Ruling and Order addressing the claims in the Amended Complaint.   The defendants contend that the deadlines for conducting discovery and filing motions for summary judgment have expired and the Court has yet to rule on their motions for more definite statement.  The motion is DENIED AS MOOT.  The Court will enter a new scheduling order after the Second Amended Complaint is filed.

VI.     Motion for Appointment of Counsel [Doc. No. 48]

The plaintiff seeks the appointment of pro bono counsel.  The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989).  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996 (1991).

The plaintiff claims that the issues involved in the case are complex and he has limited knowledge of the law.  He asserts that he has made mailed forty-five

and Lightner and Exhibits V and Y to Amended Complaint  includes references to

16

letters to attorneys seeking assistance.  He provides no evidence of his attempts to find an attorney.  Furthermore, the plaintiff does not allege that he attempted to contact the Inmates' Legal Assistance Program.  The court concludes that the plaintiff's undocumented attempts to find counsel are insufficient to demonstrate to the court that plaintiff cannot obtain legal assistance on his own.  The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time.  Thus, the motion for appointment of counsel is DENIED.

### Conclusion

The Motion for Restraining Order and Motion for Injunctive Relief [Doc. No. 39] is DENIED.  The Motions for More Definite Statement [Docs. Nos. 41, 46] and Motion to Modify Scheduling Order [Doc. No. 47] are DENIED AS MOOT.   The Motion for Appointment of Counsel [Doc. No. 48] is DENIED WITHOUT PREJUDICE to refiling at a later stage of litigation.  Any renewed motion for appointment of counsel shall be accompanied by a summary of any further attempts to obtain counsel or legal assistance, including the names of the attorneys contacted, the dates upon which plaintiff made those contacts and the reasons why assistance was unavailable.

The Motion to Correct Ruling [Doc. No. 45] is DENIED AS MOOT to the extent that it seeks to renew the motion to correct, [Doc. No. 19].  The court has

---

defendants Lightner and Rebecca.

17

also construed the Motion to Correct [Doc. No. 45], as a motion for reconsideration and a motion for leave to amend.   To the extent that the Court has construed the Motion to Correct [Doc. No. 45] as a motion for reconsideration of the February 25, 2013 Ruling [Doc. No. 43], the motion is GRANTED, but after careful reconsideration, the February 25, 2013 Ruling [Doc. No. 43] is AFFIRMED and any relief requested is denied.   To the extent that the Court has construed the Motion to Correct [Doc. No. 45] as a motion for leave to amend, the motion is GRANTED.

The plaintiff is permitted to file a Second Amended Complaint to add Correctional Officer Stanim and Correctional Officer Ajodhi as defendants.  The Second Amended Complaint must comply with Rule 8, Fed. R. Civ. P.  The caption on the first page of the Second Amended Complaint shall include all defendants: Correctional Officers Santiago, Caputo, Jones, Scott, Bracket, Savada, Pertilla, Anderson, Maloid, Guica, Cay, Gazalez, Curtis, Dean, Ajodhi and Stanim, Nurses Caroline, Joy and Sandy Oliver, Nursing Supervisor Rebecca, H.S.A. Rikel Lightner and Unit Manager Manley as defendants.   The body of the Second Amended Complaint should include the claims against defendants Santiago, Jones, Scott, Bracket, Savada, Pertilla, Anderson, Maloid, Guica, Cay, Gazalez, Curtis, Dean, Ajodhi, Stanim, Caroline and Joy that are listed in pages six to nine of the First Amended Complaint as well as specific claims against defendants Caputo, Manley, Oliver, Lightner and Rebecca that appear to be set forth in Exhibits G, I, V and Y to the First Amended Complaint.   The Second

Amended Complaint should clearly and concisely set forth the factual allegations against the defendants, including the dates on which the alleged unconstitutional conduct occurred.   The plaintiff does NOT need to attach any exhibits to the Second Amended Complaint.

The Clerk shall send the plaintiff an Amended Complaint form with a copy of this Ruling.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 12, 2013.

19